FILED
SUPERIOR COURT
OF GUAM

2019 MAR 27 PM 3 32

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARGARET A. BENGZON,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM HEALTHCARE DEVELOPMENT, INC., dba GUAM REGIONAL MEDICAL CITY,<br><br>Defendant. | Superior Court Case No. **CV1154-18**<br><br>**DECISION AND ORDER**<br>**RE**<br>**MOTION TO DISMISS** |

The Court here considers Defendant Guam Healthcare Development, Inc. dba Guam Regional Medical City's Motion to Dismiss. Having reviewed the parties' arguments and the applicable procedural rules and laws, the Court determines that Plaintiff Margaret A. Bengzon lacks standing to raise claims concerning harm to GRMC, and fails to state a claim for relief concerning the termination of her employment. The Court therefore GRANTS Defendant GRMC's Motion to Dismiss.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2018, GRMC's Board of Directors removed Bengzon as its Chief Executive Officer and Chairman of the Board. Decl. Margaret Bengzon ¶ 15 (Nov. 29, 2018). Bengzon attributes her removal to an improper change in ownership of GRMC's parent company, PSI Healthcare Development Services Corp., which subsequently assumed control of GRMC's Board. Compl. ¶¶ 4, 7-12 (Nov. 29, 2018).

ORIGINAL

Bengzon filed this lawsuit for damages and an injunction reinstating GRMC's Board as well as staying any further actions by the current Board. Compl. ¶¶ 5, 15, 19. GRMC maintains that Bengzon has failed to state a claim for relief and lacks has no standing to bring claims on behalf of GRMC. Def.'s Consolidated Mot. at 8-11 (Dec. 11, 2018).

## II.   LAW AND DISCUSSION

### A. Standing

"Standing is a threshold jurisdictional matter." *Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth.*, 2004 Guam 15 ¶ 17 (citing *Brewer v. Lewis*, 989 F.2d 1021, 1025 (9th Cir. 1993)). When a plaintiff lacks standing, a court has no subject matter jurisdiction to hear the plaintiff's claim. *Id.* In entertaining a motion to dismiss for lack of standing, the Court "must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). The plaintiff bears the burden of establishing standing. *Id.*

A plaintiff proves standing by possessing "the irreducible constitutional minimum of standing" under Article III of the US Constitution or by virtue of a statute. *Benavente v. Taitano*, 2006 Guam 15 ¶ 15. Absent a statute conveying standing, a plaintiff must satisfy the following elements: (1) have suffered an injury-in-fact, (2) demonstrate a causal connection between the injury and the complained-of conduct, and (3) show that a favorable decision by the court will likely redress the injury. *Id.* ¶ 14. Standing also cannot be conferred in gross. Rather, a plaintiff must demonstrate standing for each and every claim pursued. *Davis v. Federal Elec. Comm'n*, 554 U.S. 724, 734 (2008).

ORIGINAL

Bengzon asserts claims on behalf of herself (for employment loss and reinstatement) and GRMC (for harm to the corporation). The Court first examines whether Bengzon may maintain GRMC's claims. Generally, a plaintiff must "assert his legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Franchise Tax Bd. of Calif. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336 (1990) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). This general rule exists because parties are typically their own best advocates and may wish not to assert their rights, and courts should therefore avoid adjudicating such rights unnecessarily. *See Singleton v. Wulff*, 428 U.S. 106, 113 (1976).

However, a limited exception applies when a plaintiff can establish third-party standing. *See Powers v. Ohio*, 499 U.S. 400, 410–11 (1991). Third party standing requires a plaintiff to demonstrate (1) she has suffered an injury-in-fact, (2) has a "close" relationship with the parties on whose behalf she seeks to sue, and (3) a hindrance prevents the third party from suing directly. *Id.* An implied requirement is that the third party cannot be a party to the litigation. *See Singleton*, 428 U.S. 106, 113 (1976) ("Federal courts must hesitate before resolving a controversy...on the basis of the rights of third persons not parties to the litigation."); *see also Amato v. Wilentz*, 952 F.2d 742, 750 (3d Cir. 1991) ("genuine conflicts strongly counsel against third-party standing."). As GRMC participates in this litigation, can advocate for itself, and has adverse interests to Bengzon, she cannot establish third-party standing.[1]

However, Bengzon possesses standing to assert claims on behalf of herself for employment loss and reinstatement. The Court starts with whether Bengzon has alleged an injury-in-fact caused by GRMC. An injury-in-fact is an invasion of a legally protected interest which is concrete, particularized, and actual or imminent. *Benavente*, 2006 Guam 15 ¶ 14. The

---

[1] A shareholder can sometimes maintain a derivative action under 28 GCA § 28721, but this is not a derivative proceeding nor does Bengzon allege that she holds shares in GRMC.

ORIGINAL

injury must be "fairly ... trace[able] to the challenged action of the defendant." *Id.* Bengzon claims that her removal from the board "in such a controversial manner cast[] a cloud over her credibility and reputation in the medical community, as well as causing intentional emotional distress and mental anguish." Compl. ¶ 15. Bengzon's injury--her alleged ruined reputation and mental anguish--satisfies the first two elements of common law standing because her removal from the board caused her injury.

Bengzon also satisfies the third prong of standing--redressability. "It must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Benavente*, 2006 Guam 15 ¶ 14. Bengzon asks the Court to enjoin GRMC's present board from meeting, to reinstate the former board, and award her damages and incurred suit costs. Compl. at 5. If the Court reinstated the former board, Bengzon believes she would once again become GRMC's CEO. In that light, the Court recognizes that a favorable decision would redress her injury. As such, the Court finds Bengzon has standing to bring a claim concerning her loss of employment.

### B. Failure to State a Claim under GRCP 12(b)(6)

GRMC claims that Bengzon fails to state a claim for relief, thereby meriting a dismissal under Guam Rule of Civil Procedure 12(b)(6). When reviewing a Rule 12(b)(6) motion, a court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9. Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 9. A claim may also be dismissed because it either asserts a legal theory that is not cognizable or

ORIGINAL

because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal. Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

GRMC first contends that Bengzon has not included a demand for judgment in her complaint. Guam law requires a pleading to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends...a short and plain statement of the claim showing that the pleader is entitled to relief and...a demand for judgment for the relief to which the pleader seeks." GRCP 8(a). In her prayer for relief, Bengzon explicitly seeks the reinstatement of GRMC's previous board and an injunction staying GRMC's current board from meeting or taking any action. This demand fulfills Rule 8's requirement for a "demand for judgment."

Despite making a proper demand, Bengzon's claim still fails because she does not allege sufficient facts entitling her to the relief she seeks. Bengzon admitted at oral argument that she did not have an agreement to be employed for a specified term or that she be terminated only under certain circumstances. An employee who lacks a guaranteed term of employment is generally categorized to be at-will. 18 GCA § 55404; *see also Quijano v. Atkins–Kroll, Inc.*, 2008 Guam 14 ¶ 7. In an at-will employment arrangement, either the employer or the employee may terminate the relationship "at any time, for any reason or for no reason at all." *Quijano*, 2008 Guam 14 ¶ 7.

There are of course exceptions to the at-will employment doctrine, such as the existence of an implied term to be terminated only for good cause, or other public policy justifications such as unlawful discrimination. *Id.* ¶ 8. But Bengzon does not allege any applicable exception.

Presented with no allegations or evidence to contradict her at-will employment status, the Court has no choice but to categorize Bengzon as an employee-at-will subject to termination at any time, for any reason or no reason at all. This includes for whatever reason upon which

ORIGINAL

GRMC's Board has based its termination decision. As a terminated at-will employee, she is not entitled to employment with GRMC, and thus has not stated a claim to be reinstated.

GRMC also moves to dismiss the case under GRCP 12(b)(7) for Bengzon's failure to join indispensable parties in violation of Rule 19. Because the Court finds Bengzon has no standing to bring claims on behalf of GRMC and has failed to state a claim upon which relief can be granted under Rule 12(b)(6), the Court declines to address GRMC's Rule 19 argument.

## III. CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendant GRMC's Motion to Dismiss. The Motion for Temporary Restraining Order and Preliminary and Permanent Injunction is MOOT. A Judgment will follow this Decision and Order.

SO ORDERED this 27th day of March 2019.


_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam


SERVICE BOX
I acknowledge a copy of the
original was placed in the
court box

P. Torres
R. Toda
Date: 3/27/19 3:40

Appearing Attorneys:
Phillip Torres, Torres Law Group, for Margaret A. Bengzon
R. Todd Thompson, Thompson Thompson & Alcantara, P.C., for Guam Healthcare Development
      Inc. dba Guam Regional Medical City


ORIGINAL